# Nerpel's Appeal.

A widow is not entitled to her exemption, as secured by the fifth section of the Act of April 14th 1851, out of the proceeds of a sheriff's sale of the real estate of her deceased husband, in preference to the mortgagee of her husband of said real estate.

October 16th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Appeal from the Court of Common Pleas, No. 1, of *Allegheny county :* Of October and November Term 1879, No. 33.

Appeal of Margaretta Nerpel from the decree of the court upon the exceptions filed to the special return of a sheriff's sale of the real estate of John Nerpel, deceased.

The property was sold under a mortgage, held by the Peoples' Insurance Company, and after deducting costs, the sale realized $262.15, which the sheriff awarded to the insurance company, their mortgage being the first lien. The appellant, who was the widow of the mortgagor, John Nerpel, excepted to the sheriff's return, claiming the balance as her exemption under the 5th section of the Act of April 14th 1851, Pamph. L. 612, which provides : " The widow or the children of any decedent, dying within the Commmonwealth, may retain either real or personal property belonging to said estate to the value of three hundred dollars, and the same shall not be sold but suffered to remain for the use of the widow and family ; and it shall be the duty of the executor or administrator of such decedent to have the said property appraised in the same manner as is provided in the Act passed the 9th day of April, in the year 1849, entitled 'An act to exempt property to the value of three hundred dollars from levy and sale on execution and distress for rent ;' Provided, that this section shall not affect

[Nerpel's Appeal.]

or impair any liens for the purchase-money of such real estate, and the said appraisement, upon being signed and certified by the appraisers and approved by the Orphans' Court, shall be filed among the records thereof."

The sheriff had been served with a certificate from the clerk of the Orphans' Court of Allegheny county, that appellant had elected to take of her claim for $300, a small amount of personal property, of value of $32.05, and the balance, $267.95, out of the real estate upon which was the said mortgage, and for the sale of which the writ issued, and that the same had been duly appraised and set apart to her in said property, the appraisement having been returned that the property could not be divided without injury to and spoiling the whole, and was confirmed by said Orphans' Court.

It was admitted that the mortgage of the insurance company was not a purchase-money lien.

The court dismissed the exception and confirmed the sheriff's return, when the widow took this appeal.

*Morton Hunter*, for appellant.—Whatever character the mortgage may have assumed up to the time of foreclosure and sale, it then loses all character as a conveyance, the mortgagee no longer having any estate or title thereunder, and assumes the character of a lien, and as a lien only is distribution made to it of the proceeds of sale. Being thus regarded as a lien the widow is entitled to exemption thereout except it be a lien for purchase-money.

*Schoyer & McGill*, for appellee.—Under the Act of 1851 the widow may retain either real or personal property belonging to the estate of the decedent, to the value of three hundred dollars, but we contend there was no property in the mortgaged premises belonging either to the mortgagor or his estate, but the equity of redemption, out of which the widow could make her claim : Gangewere's Appeal, 12 Casey 466.

The Act of April 6th 1830 provides "that where the lien of a mortgage is or shall be prior to all other liens, except other mortgages, ground-rents and purchase-money due the Commonwealth, the lien of such mortgage shall not be destroyed or in any way affected by any sale made by virtue or authority of any writ of venditioni exponas," and under this act it has been held that a mortgage vests the freehold in the mortgagee, leaving nothing in the mortgagor but the equity of redemption, and that a sale under a subsequent judgment passes only the equity of redemption : Garro *v.* Thompson, 7 Watts 419. If then, while living, the mortgagor had only the right to redeem, or the equity of redemption in the mortgaged premises, how can any more or greater interest pass into his estate at his death ?

[Nerpel's Appeal.]

The judgment of the Supreme Court was entered, October 27th 1879,

PER CURIAM.—The mortgage by the decedent was something more than a mere lien. For all purposes of security to the mortgagee, it was a conveyance of the land. He could have recovered in ejectment possession of the premises, and held until his principal, with interest, was repaid. Had he resorted to this remedy, and the mortgagor had then died, it is not pretended that his widow would have any right to the exemption. The proceeding under the Act of Assembly by scire facias is but a substitute for a foreclosure in equity, and the sale which it provides for does not alter the case. It ought not to be that the election of one remedy, and not the other, should make a difference in the right of the mortgagee.

Decree affirmed and appeal dismissed at the costs of the appellant.