# Jackson, Appellant, *v.* Pittsburg.

*Road law—Notice of street opening proceedings—Mortgage—Payment of damages to owner—Eminent domain.*

Where a city condemns a street through land covered by a mortgage, in proceedings under the Act of May 16, 1891, P. L. 75, and damages are paid to the owner without objection by the mortgagee, and thereafter the land is sold by the sheriff in foreclosure proceedings, and the mortgage paid in full, the purchaser at the sheriff's sale has no standing to enjoin the city from proceeding with the physical opening of the street

on the ground that personal notice of the street opening proceedings had not been given to the mortgagee.

In such a case the purchaser at the sheriff's sale acquired the title of the defendant in the execution, and no more; a part of the land under the sovereign power of the state having been previously appropriated for public purposes. Even if the purchaser possesses the rights of the mortgagee he stands in no better position than the mortgagee, and as the latter was paid in full, and is not complaining, the purchaser has no standing to complain of the lack of notice.

In proceedings under the Act of May 16, 1891, P. L. 75, a mortgagee is not entitled to receive actual notice, or be made a party to the proceedings, since the mortgagee is not the owner of the land.

When land is taken for public use it is not the record title that is acquired, nor is it any person's title, but the land itself, irrespective of record or other ownership.

A mortgage executed after the passage of the law of May 16, 1891, P. L. 75, relating to the opening of streets is subject to that act, inasmuch as all the laws of the state existing at the time a mortgage was made which affect the rights of the party to the mortgage, enter into and become a part of it and are obligatory upon all courts which assume to give a remedy on such a contract.

Argued April 15, 1908. Appeal, No. 25, April T., 1908, by plaintiff, from decree of C. P. No. 3, Allegheny Co., May T., 1907, No. 15, sustaining demurrer to bill in equity in case of Robert L. Jackson v. City of Pittsburg, Barber Asphalt Company, Inc., and Booth & Flinn, Ltd. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Bill in equity for an injunction.

The facts are stated in the opinion of the Superior Court.

*Errors assigned* were in dismissing exceptions to findings and decree of court.

*Jesse H. Wise*, of *Wise & Minor*, with him *Watson & Freeman*, for appellant.—The plaintiff had no notice of the proceeding to open the street. The mortgagee had none. When the plaintiff purchased there were no indications on the ground that the street was to be opened. There was nothing on the search showing that the street had been extended, and nothing to put him upon inquiry. The mortgagor has an interest enti-

tling him to notice: Schuylkill Navigation Co. v. Thoburn, 7 S. & R. 411; Reese v. Addams, 16 S. & R. 40; Keller v. P. & L. E. R. R. Co., 29 P. L. J. 316.

And it is an established rule that he "the mortgagee" is an "owner of real estate" or a "person interested" in such a sense that he is entitled to compensation for the loss he sustains; and if in the condemnation proceedings the mortgagor alone is recognized, the title of the mortgagee is not divested: South Park Commissioners v. Todd, 112 Ill. 379; Sherwood v. Lafayette, 109 Ind. 411 (10 N. E. Repr. 89); Wilson v. Railway Company, 67 Maine, 358; Michigan Air Line Ry. Company v. Barnes, 40 Mich. 383; Bright v. Platt, 32 N. J. Eq. 362; Auburn Bank v. Robert, 44 N. Y. 192; City of Philadelphia v. Dyer, 41 Pa. 463; Sedgeley Ave., 88 Pa. 509; Noble Street, 1 Ashmead, 276; In re Twenty-fifth Street, 18 Phila. 521; John Street, 19 Wendell, 659.

Damages awarded to a mortgagor for land taken for a right of way, or other public improvement, become a substitute for the premises taken and the mortgage is a specific lien upon the fund: Astor v. Miller, 2 Paige, 68; Re John & Cherry Sts., 19 Wendell, 659; Gimbel v. Stolte, 59 Ind. 446.

*A. M. Thompson*, with him *W. B. Rodgers*, for appellees.—The owner of land affected is the only person entitled to notice of a municipal improvement: Knoll v. Ry. Co., 121 Pa. 467; Farnsworth v. Boston, 126 Mass. 1; Dollar Savings Bank v. Pittsburg, 25 Pittsburg Leg. Journ. 185; Schuylkill Navigation Co. v. Thoburn, 7 S. & R. 411; Reese v. Addams, 16 S. & R. 40; Knoll v. Railway Co., 121 Pa. 467; In re Road in Upper Dublin and Whitemarsh Twps., 94 Pa. 126; Philadelphia, etc., Railroad Co. v. Pennsylvania Schuylkill Valley Railroad Co., 151 Pa. 569; Deckert's Appeal, 5 W. & S. 342; Keystone Bridge Co. v. Summers, 13 W. Va. 476; Schumacker v. Toberman, 56 Cal. 508; Thompson v. Chicago, etc., Railway Co., 110 Mo. 147 (19 S. W. Repr. 77); Parish v. Gilmanton, 11 N. H. 293; Whiting v. New Haven, 45 Conn. 303.

A mortgagee out of possession is not an owner, under our system of jurisprudence: Cautont v. Catlin, 2 Sandf. Ch. 485;

Astor v. Hoyt, 5 Wendell, 603; Farnsworth v. Boston, 126 Mass. 1; Pond v. Eddy, 113 Mass. 149; Norwich v. Hubbard, 22 Conn. 588; Rickert v. Madeira, 1 Rawle, 325; Presbyterian Corp. v. Wallace, 3 Rawle, 109; Bower v. Oyster, 3 P. & W. 239; Lennig's Estate, 52 Pa. 135.

A mortgagee will not be heard to say that he has been deprived of his property without due process of law, because the lien of his mortgage is transferred from the land to the damages: Whiting v. New Haven, 45 Conn. 303; Farnsworth v. Boston, 126 Mass. 1; People v. Smith, 21 N. Y. 595; Palmyra v. Morton, 25 Mo. 593; People v. Brooklyn, 4 N. Y. 419; People v. Smith, 21 N. Y. 595; 2 Washburn on Real Property, 155.

OPINION BY MORRISON, J., May 14, 1908:

On April 12, 1904, Tressie Nozzolillo and Louisa Nozzolillo were the owners in fee of the lot of land in Pittsburg, described in the plaintiff's bill, and on that day they executed and delivered a bond and mortgage covering the same, to Mattie A. Veasey of Lawrence county, as security for a loan of $1,100. January 31, 1905, the city of Pittsburg, by virtue of the Act of assembly of May 16, 1891, P. L. 75, and its amendments and supplements, enacted an ordinance for the opening of Omega street, over a portion of the premises described in the plaintiff's bill and in said mortgage. At No. 328 of February Term, 1906, in the court of common pleas No. 3 of Allegheny county, viewers were appointed for the purpose of ascertaining the costs, damages and expenses of the opening of Omega street, and assessing the benefits and damages resulting therefrom. The viewers took upon themselves the duties of their appointment, gave the notices required by acts of assembly, filed their report in court and awarded, inter alia, as damages to Tressie and Louisa Nozzolillo the sum of $1,000. September 4, 1906, the said report of viewers was confirmed absolutely by the court, and no appeal has since been taken from the decree of confirmation. The city of Pittsburg subsequently paid the said sum of $1,000, as per the decree of the court, to said Tressie and Louisa Nozzolillo, who were the registered owners of the said premises described in the plaintiff's bill and the mortgage.

Subsequent to the payment of the viewer's award by the city of Pittsburg, Mattie A. Veasey, the mortgagee, caused judgment to be entered against the mortgagors on her judgment bond, and on execution on said judgment, the premises described in her mortgage were sold at sheriff's sale to Robert L. Jackson, the appellant, for the sum of $1,535. The sheriff distributed the said sum of $1,535 to payment of the costs of the execution, also to tax liens and costs of the same, and applied the sum of $1,101.20 upon the mortgage debt, this amount being in excess of the face of the mortgage debt.

It will be noted that neither the owners of the mortgaged property nor the owners of the mortgage are parties to this suit and so far as appears they have no complaint to make.

On February 6, 1907, the appellant filed his bill against the city of Pittsburg and others, setting forth, in substance, the above facts and praying the court to restrain the city and its agents and contractors from entering upon the premises described in the bill and interfering with the use of the same by the plaintiff or his tenants. To this bill the city and the Barber Asphalt Company demurred, and from the decree dismissing the plaintiff's bill, the present appeal has been taken.

The question involved seems to be well stated in the argument of the counsel for appellees, to wit: "Has a court of equity jurisdiction to enjoin a city from proceeding with the physical opening of a street on the petition of a purchaser at a sheriff's sale, when prior to the sale, the city, acting under the act of May 16, 1891, had ordained the opening of a street over part of a city lot, had paid to the owner of the land taken, the damages awarded to him by a board of viewers, and when subsequently the premises were sold to the plaintiff under execution by a prior lien creditor, for a sum sufficient to pay the execution debt and the injunction is sought solely on the ground that personal notice of such street opening proceedings was not given to the lien creditor?"

It seems clear that the appellant, purchaser at sheriff's sale, acquired the title of the defendants in the execution, and no more; a part of the land under the sovereign power of the state having been previously appropriated for public purposes:

Weidler v. Farmers' Bank of Lancaster, 11 S. &. R 134; Freeman v. Caldwell, 10 Watts, 9. The rule in sheriff's sales is caveat emptor: Wells v. Van Dyke, 106 Pa. 111.

The appellant's contention seems to be that he possesses the rights of the execution creditor, the mortgagee. Well, if he does, it will not be contended that he stands in any better position than the execution creditor, and she realized from the sheriff's sale of the land in question, her debt, interest and costs, and she is not complaining that she was not, in fact, notified of the condemnation proceedings; nor do we see how she can reasonably complain, as the result proved her security was not, as a matter of fact, impaired. While the damages awarded were not applied to her mortgage, but went to the owners of the land, she did not suffer thereby. The appellant, with his eyes open, bought in the land of the mortgagors, against whom the proceedings were regular, and who, in fact, were, so far as we can see, well satisfied. The misfortune of the appellant is that at the time of the sheriff's sale, when his interest accrued, the city had taken a portion of the mortgaged land for public purposes, and on a final judgment of a court having jurisdiction, had paid the damages to the owners.

The right of eminent domain is not, and cannot be, questioned. When the people exercise that right they simply "resume possession of that which had been previously granted to the subject upon condition that it might again be resumed to meet the necessities of the Sovereign:" Mills on Eminent Domain, pages 1 and 2.

The city of Pittsburg opens streets under the Act of May 16, 1891, P. L. 75, its amendments and supplements. The law so far as we can see only requires notice to be given to the owners of the land condemned. It may be conceded that the mortgagee, or other lien creditors, might have appeared before the viewers and endeavored to have the damages awarded to such creditors, and they might have had the money paid into court to the end that it might be paid to them. But this was not done, and in fact it does not appear that any objection whatever was interposed to the payment of the damages to the owners. The theory of the appellant seems to be that the

mortgagee ought to have received actual notice and should have been made a party to the proceedings. But we do not so understand the law: Knoll, Adm'r, v. Railway Co., 121 Pa. 467; Farnsworth v. Boston, 126 Mass. 1; see also Phila. & Reading R. R. Co. v. Penna. Schuylkill Valley R. R. Co., 151 Pa. 569.

In Pennsylvania a mortgage is, both in law and in equity, only a security for the payment of money, and passes no title to the land. The mortgagor is the owner of the land: Rickert and Another v. Madeira, 1 Rawle, 325; Presbyterian Corporation v. Wallace et al., 3 Rawle, 109; Lennig's Estate, 52 Pa. 135.

In the exercise of the legislative discretion in providing the mode of conducting condemnation proceedings, provision may be made for constructive notice only: 2 Dillon on Municipal Corporations, sec. 471; People v. Smith, 21 N. Y. 595.

The mortgage in the present case was made after the law of May 16, 1891, P. L. 75. In Brine v. Insurance Co., 96 U. S. 627, the Supreme Court said: "All the laws of a State existing at the time a mortgage or other contract is made, which affect the rights of the parties to the contract, enter into and become a part of it and are obligatory upon all courts which assume to give a remedy on such contracts."

There is no other remedy for an authorized taking of property under the power of eminent domain than that provided by the legislature. "But when land is taken for public use, it is not the record title that is acquired, nor is it any person's title, but the land itself, irrespective of record or other ownership:" Farnsworth v. Boston, 126 Mass. 1–8.

We find nothing in the able argument for the appellant, nor in the authorities therein cited, calling for any further discussion.

We call attention to the fact that both appellant and appellee have argued this case on the theory that there was a final decree dismissing the plaintiff's bill, but we have not found such decree in the record. It simply shows demurrer sustained. This may not be such a final decree as will support an appeal. But in view of the apparent agreement of counsel that there is a final decree dismissing the bill, we will take that as a conceded fact.

The assignments of error are all dismissed and the decree dismissing the bill is affirmed, and it is ordered and decreed that the appeal be dismissed and that the costs be paid by the appellant.