## Myanza Color and Chemical Company v. Fertex Dyeing and Finishing Company.

*Joseph L. Ehrenreich*, for Harry W. Brocklehurst, petitioner.

*George S. Russell*, for Thomas W. Cunningham, Sheriff.

*J. Warren Brock*, for Commonwealth of Pennsylvania.

WALSH, J., June 20, 1929.—This matter comes before the court upon a petition for a rule upon the sheriff to show cause why a fund should not be deposited in court and distribution awarded to the petitioner, and an answer duly filed on behalf of the sheriff. By agreement of the parties, the depositing of the money in court has been waived, and the court has been requested merely to direct distribution of the fund.

The fund to be distributed amounts to $330.50, being the proceeds of a sheriff's sale of all of the assets of the defendant corporation on Aug. 30, 1928, pursuant to a levy theretofore made on July 19, 1928.

The claimants against the said fund are the Commonwealth of Pennsylvania, which has presented a claim for capital stock and corporate loans taxes for the years 1927 and 1928; Harry W. Brocklehurst, the petitioner, the defendant company's landlord, who has presented a claim for rent, and costs due from the defendant corporation in the amount of $1792; and Charles A. Kohs, a wage claimant, who has filed a claim in the amount of $540 for wages earned during the period from Feb. 19, to May 18, 1927.

The wage claim may be dismissed at once, because said wages were not for "labor and services rendered . . . for any period not exceeding six months preceding the sale, . . ." as required by section 1 of the Act of May 12, 1891, P. L. 54, amending section 1 of the Act of April 9, 1872, P. L. 47: 4 Purdon, 5039-45. See, also, Gergenmuller *v.* Groff et al., 18 Dist. R. 40; Sollenberger's Estate, 8 Dist. R. 626.

The claim of the Commonwealth is based upon four accounts, two of which were settled and entered by the Auditor General and approved by the State Treasurer prior to the date of the levy, and two of which were similarly settled, entered and approved subsequent to the levy, but prior to the sale. On behalf of the Commonwealth, it has been contended that all of these accounts are entitled to a preference, ahead of all other claims, by virtue of section 1 of the Act of June 15, 1911, P. L. 955, as amended by the Act of April 12, 1923, P. L. 63, which provides as follows:

"From and after the passage of this act, all State taxes imposed under the authority of any law of this Commonwealth now existing or that may hereafter be enacted, and unpaid bonus, interest, penalties, and all public accounts settled against any corporation, company, association, joint-stock association, or limited partnership, shall be a first lien upon the franchise and property, both real and personal, of such corporation, company, association, joint-stock association, or limited partnership, from the date when they are settled by the Auditor General and approved by the State Treasurer, or in the cases where the Auditor General alone makes the settlement, from the date when they are so settled by him; and whenever the franchise or property of a corporation, company, association, joint-stock association, or limited partnership, shall be sold at a judicial sale, all taxes, interest, bonus, penalties and public accounts due the Commonwealth shall first be allowed and paid out of the proceeds of such sale, before any judgment, mortgage, or any other claim or lien against such corporation, company, association, (joint) stock association or limited partnership."

The title of the defendant corporation to the assets, goods and chattels which were sold by the sheriff was not divested by the levy, but remained in the defendant until divested by the sale. It follows that said assets, goods and chattels were the property of the corporation, not only when the first two accounts were settled, entered and approved, but also when the last two accounts were similarly settled, entered and approved. Consequently, by the express terms of the act, all of said accounts became a first lien upon all of the assets of the defendant corporation.

This, without more, would amply sustain the contention of the Commonwealth. But the act further expressly provides that whenever the property of a corporation is sold at a judicial sale, "all taxes, interest, bonus, penalties and public accounts due the Commonwealth shall be allowed and paid out of the proceeds of such sale, before any judgment, mortgage or any other claim or lien against such corporation. . . ."

It is evident, therefore, that the claim of the Commonwealth to a preference in the fund for distribution must be allowed, particularly in view of the deci-

sion of the Supreme Court in Harper v. Consolidated Rubber Co., 284 Pa. 444, holding that, under this act, the claim of the Commonwealth for taxes settled and entered against a corporation was entitled to priority in the funds realized by a sale of the real estate of a corporation upon a purchase-money mortgage, ahead of the said mortgage. For these reasons,

Now, to wit, June 20, 1929, the court orders and directs Thomas W. Cunningham, Sheriff, to make distribution of the fund of $330.50, being the proceeds realized from the sale of the assets of the Fertex Dyeing and Finishing Company, the defendant above named, said sale having been made by the said sheriff on Aug. 30, 1929, by virtue of a writ of *fieri facias* issued as of the above court, term and number. Said sheriff is hereby ordered and directed to distribute and apply the said fund of $330.50 in the manner following, to wit: First, to the payment of the said sheriff's just costs and expenses; second, to the payment of the claim of the Commonwealth of Pennsylvania for taxes in the amount of $238.45; and, third, to the payment of the claim of Harry Brocklehurst, rent claimant, in the amount of $1792; and, fourth, the balance, if any, to be paid to the plaintiff above named.