## Commonwealth v. Philadelphia Pure Rye Whiskey Distilling Company of Pa., Ltd., et al.

*Webster Grim,* for Commonwealth.
*Howard I. James,* for defendants.

BOYER, J., April 1, 1940.—This matter arises upon a petition and rule of the Commonwealth of Pennsylvania upon the Sheriff of Bucks County to show cause why he should not be required to pay to petitioner the money made on the sale upon execution of certain premises situated in Bensalem Township. The premises were sold upon a levari facias issued on a judgment secured by the Commonwealth for unpaid State corporation taxes levied against the Philadelphia Pure Rye Whiskey Distilling Company of Pa., Ltd., a former owner of the premises. The rule was directed to be served upon the County of Bucks, the Township of Bensalem, and the School District of Bensalem Township, three taxing units, each of which had claims for county, township and school taxes, respectively, covering a long period of time. The township and school district joined in filing an answer to the petition, making claim to the fund in question in payment of taxes due them, on the theory that the municipal taxes were a first lien, and, therefore, gave them precedence in their claim to the fund realized on the execution. The

property was sold by the sheriff for $2,000, which, after the deduction of costs, left the net amount for distribution, $1,879.40. The claim of the Commonwealth and the claims of the municipalities each exceed the amount for distribution. If the claim of either of these parties is allowed, there will be no remainder for distribution to the other claimants.

The Commonwealth claims priority of lien under the Act of June 15, 1911, P. L. 955, the Act of April 12, 1923, P. L. 63, The Fiscal Code of April 9, 1929, P. L. 343, the Act of June 3, 1933, P. L. 1474, the Act of June 11, 1935, P. L. 303, and the Act of February 2, 1937, P. L. 3, a series of acts and amendments relating to the collection and lien of State taxes upon corporations and their property.

Respondents admit that all State taxes prior and up to 1921 had a priority of lien and would be payable out of the fund. However, they contend that the Corporation Tax Act of 1911, supra, was repealed by implication by the Act of May 16, 1923, P. L. 207, which, according to its terms, specifically makes all municipal taxes and claims a first lien upon the real estate against which assessed. They, therefore, claim that the taxes assessed by the township and school district respectively for the years 1926, 1927, 1928, and 1929, aggregating a sum far in excess of the amount for distribution, were first liens on the real estate sold by the sheriff in this execution and are, therefore, preferred claims and should be distributed between respondents. The amounts, dates of assessment, and dates of filing liens, nowhere appear in the answer or the record. While these should have been averred in the answer, we will not dismiss the claims on that ground, but will consider the merits of the case. The same information on the part of the State does appear in the records of the judgments upon which the execution was issued. It was, therefore, not necessary for the Commonwealth to again set them forth in its petition for distribution.

The entire controversy between these claimants narrows down to a simple question as to whether the Act of May 16, 1923, P. L. 207, repealed the Act of 1911, supra, making State corporation taxes a first lien upon the real and personal property of the corporations taxed. We find only one Pennsylvania case passing upon this precise question, namely, the case of Westmoreland County, to use, v. Westmoreland Brewing Co. et al., 8 D. & C. 378, cited and relied on by counsel for petitioner. The question there arose in practically the same manner as in this case, namely, upon distribution of the proceeds realized on a sale of real estate upon levari facias. The fund for distribution was not sufficient to pay both the municipal and the State taxes, whereupon each claimed priority of lien. We have carefully studied the opinion of the court in that case and agree with its reasoning and its conclusion that the Act of 1923, P. L. 207, did not repeal the Act of 1911, P. L. 955, insofar as the latter makes State corporation taxes a first lien upon corporate property.

We quote and adopt the following excerpts from the opinion of the court in that case (p. 381) :

"The Act of 1911 deals with State taxes from corporations; the Act of 1923 is concerned with local taxes and claims for improvements. The objects of the two statutes are different; the latter does not cover the subject-matter of the former and it is not a substitute for it.

"It is common knowledge that more than one-half of the Commonwealth's revenue is derived from direct taxation of corporations; the State is the sovereign power and its very existence, almost, depends upon its well-financed government; counties, townships and such are subordinate and have no right of taxation except as given to them by the State; it is illogical to conclude that the legislature intended to abrogate the Commonwealth's chief sustaining power.

"Surely it cannot be said that there is any similarity in objective between the two statutes. True, both refer to

taxes, etc., but the Act of 1911 deals exclusively with corporations and the like and taxes due from them to the State, while the Act of 1923 merely regulates local taxes and claims for municipal improvements and gives them priority over judgments, etc. The Act of 1923 is intended to advance the welfare of a community in preference to any individual thereof, and gives local taxes a priority over claims ordinarily local, while the Act of 1911 is calculated to promote the public interest of the whole State in preference to any particular locality.

"Both acts speak of 'first liens', it is true, but the Act of 1911 specifically makes the corporation tax due the State a first lien, while the other is intended to classify local obligations, and within the group classification gives preference to taxes. We can see nothing in the Act of 1923 that justifies the conclusion that local taxes shall be a first lien and entitled to priority over taxes due the State from corporations; but we can well see, as we have indicated, that the legislature meant to put liens within specified localities in one classification, and then give the taxes of that class, local taxes, preference over claims for improvements, judgments, etc., without any intention of thereby interfering with the Act of 1911. The Act of 1923 gives us a general system concerning liens and the order of payment, etc., for localities, while the Act of 1911 is in a sense a special act which the welfare of the State has made necessary; and it is against our better reason to hold that the legislature, in framing the act for the disposition of local taxes, etc., thereby intended to repeal the Act of 1911, relating to a specific tax due the State against a special class of property, and which is of such vital importance to the State."

The reasoning of the court in the opinion above quoted appeals to us as being sound and supported by several Supreme Court declarations in cases decided, or at least reported, since the above-quoted decision, viz.: Commonwealth v. Lowe Coal Co., 296 Pa. 359; Schoyer et al. v.

Comet Oil & Refining Co., 284 Pa. 189; Harper v. Consolidated Rubber Co., 284 Pa. 444. In Commonwealth v. Lowe Coal Co., supra, it was held that State taxes stand on a different basis from local levies; and that the former are essential to the preservation of the State itself, while the latter are authorized or permitted by the State, not for its actual preservation, but merely to maintain the machinery of local government. Apropos of the theory set forth by the court in Westmoreland County, to use, v. Westmoreland Brewing Co. et al., supra, that the two acts in question relate to different fields or subjects of legislation and that, therefore, the former is not repealed by the latter, we quote from Commonwealth v. Lowe Coal Co., supra, at page 364:

". . . general rules,—whether of the written or unwritten law,—governing the rights of municipalities and local political subdivisions given taxing powers by the State, do not necessarily apply to the State itself, where such rules would adversely affect its interests, and especially is this so where, under any other doctrine, an interest in the nature of a prerogative right would be divested: See 36 Cyc. 1171-72, section 11. Therefore, decisions in cases of local taxes, and statements of general principles to be found in judicial opinions disposing of such cases, do not control one like the present, which involves taxes due the sovereign state. State taxes stand on a different basis from local levies; the former are essential to the very 'preservation' of the State itself (Schoyer v. Comet O. & F. Co., 284 Pa. 189, 193), while the latter are authorized or permitted by the State, not for its actual preservation, but merely to maintain the machinery of local government. So far as general principles enter into the matter, the basic interest of the sovereign authority requires the direct revenues of the Commonwealth to be so guarded that no lien for state taxes shall be disturbed except by payment, unless some constitutional or statutory rule dictates otherwise."

This principle is further supported by the following statement in Schoyer et al. v. Comet Oil & Refining Co., supra, at page 193:

"The theory on which priority of state or municipal tax liens (or public accounts) may be sustained is that the revenue is necessary for the protection or betterment of the State. Our first thought must always be the preservation of the government by unhesitatingly enforcing the lawful means necessary to successfully carry it forward; the means should always be available for its continued security, not hindered or prevented by lesser rights which may suffer because of such enforcement; the common good is superior to individual or private rights. It is therefore a natural equity, fairly entitled to first rank in the list of claims that may be had against any or all property. The protection which individuals receive at the hands of the government is compensation for any so-called impingement of right." The foregoing is quoted and approved in Harper v. Consolidated Rubber Co., supra, at page 452.

In accordance with the principles laid down in the foregoing decisions, we conclude that the various acts of assembly, above cited, relating to the lien of State corporation taxes, constitute one continuous line of legislation on the subject, from the earliest to the latest of the acts, unaffected and uninterrupted by the Municipal Tax Act of May 16, 1923, P. L. 207. It follows that the State taxes assessed against the Philadelphia Pure Rye Whiskey Distilling Co. of Pa., Ltd., were and are a first lien upon, and constitute a prior claim to, the fund realized upon the execution, which is, therefore, payable in its entirety to the Commonwealth.

Now, April 1, 1940, the rule to show cause is made absolute and the sheriff is directed to pay the balance in his hands realized upon said execution, to wit, $1,879.40, to plaintiff, the Commonwealth of Pennsylvania.