## Lane v. Union National Bank of New Brighton

*Stewart P. McConnel,* for plaintiff.

*Wallover, Barrickman & Reed,* for defendant.

SAWYER, J., August 8, 1966.—The within case is an action to quiet title wherein plaintiff is seeking to have a mortgage held by defendant decreed to be satisfied,

canceled and discharged and to have an order directing defendant to enter its satisfaction on the record. The mortgage was dated September 10, 1924, to secure the repayment of the sum of $2,300.

Plaintiff avers that full payment of the balance due on said mortgage was made on January 15, 1935, at the time plaintiff and her husband executed another mortgage on the premises to the Home Owners Loan Corporation.

Plaintiff further avers that, by reason of lapse of time, there is a legal presumption of payment.

Defendant, in its answer, avers that the amount due on said mortgage is $469.01, with interest from December 26, 1934, which amount has not been paid; and that, therefore, the complaint should be dismissed.

Plaintiff filed a praecipe for reference of the case to arbitrators and for their appointment.

Defendant has petitioned to set aside the appointment of the board of arbitrators on the grounds that the case involved title to real estate; and, therefore, a board of arbitrators could not have jurisdiction in the matter.

Plaintiff filed an answer to said petition; and, thereupon, the case was placed on the argument list.

The issue is whether or not a case such as this can properly be submitted to a board of arbitrators.

The Act of Assembly providing for arbitrators is, in pertinent part, as follows:

"The several courts of common pleas . . . may, by rules of court, provide that all cases which are at issue where the amount in controversy shall be two thousand dollars ($2,000) or less, except those involving title to real estate, shall first be submitted to and heard by a board of three (3) members of the bar within the judicial district": Act of June 16, 1836, P. L. 715, sec. 8.1, as added by Act of June 14, 1952, P. L. 2087, sec. 1, as amended by Acts of July 22, 1955, P. L. 270, sec. 1,

May 17, 1957, P. L. 147, sec. 1, and June 20, 1957, P. L. 336, sec. 1, 5 PS §30.

Pursuant to this statutory authorization, this court, at no. 224, March term, 1954, effective September 12, 1957, adopted rules for submission of cases for arbitration, rule I (A) providing:

"All cases which are now or later at issue where the amount in controversy shall be Two Thousand dollars ($2,000.00) or less, except those involving title to real estate, and except trespass actions where default judgments have been entered and only the amount is to be liquidated, shall be submitted to and heard by a Board of Arbitrators consisting of Three (3) members of the Bar in active practice in this county".

In Pennsylvania as between the parties to a mortgage, the mortgage instrument is considered to have conveyed from the mortgagor to the mortgagee title to the mortgaged premises for security purposes. As to all other persons, the mortgagor is regarded as the owner and the mortgagee as the holder of a lien. This unique conception was discussed by Chief Justice Moschzisker in Harper v. Consolidated Rubber Co., 284 Pa. 444, at 451, wherein he states as follows:

"Professor William H. Lloyd, in a recently published article (73 U. of P. Law Rev. 43) discusses all of the leading Pennsylvania cases on the subject in hand, and states the conclusion that, while many of our decisions are difficult, if not impossible, to be reconciled (a view which seems to be supported by a reading of the cases), the title to the mortgaged premises may be accounted in the mortgagee 'as between the parties' to the transaction represented by the mortgage, 'so far as it is necessary to render the instrument effective as a security,' but 'as to all other persons [with some special exceptions *] the mortgagor is regarded as the owner, and the mortgage as a mere encumbrance and accessory to the debt'; which summarizes the predominant

effect of our decisions". (\*Footnote omitted, brackets in original). In Britton's Appeal, 45 Pa. 172 at 177, the court states:

"They [mortgages] are in form defeasible sales, and in substance grants of specific security, or interests in land for the purpose of security . . . And though it is often decided to be a security or lien, yet so far as it is necessary to render it effective as a security, there is always recognition of the fact that it is a transfer of the title".

This principle of the passage of title from the mortgagor to the mortgagee for security purposes continues to be the law in Pennsylvania.

In the instant case, plaintiff is the devisee of her husband, who originally executed the mortgage with the defendant bank. Plaintiff stands in the same position as her husband originally did, and we hold that plaintiff is in the position of being a party to the transaction represented by the mortgage. Therefore, under Pennsylvania law, the mortgagee bank holds a security title to the real estate as between the bank and plaintiff.

The relief sought by plaintiff in this action is to have a determination made that the mortgage in question has been paid and to have an order directing that said mortgage be considered as satisfied and canceled and that defendant bank be directed to satisfy the same of record.

Since the action seeks to cancel a security title now held by defendant bank, we are of the opinion that this is a case involving title to real estate; and, therefore, it is not within the jurisdiction of a board of arbitrators.

### ORDER

And now, August 8, 1966, for the above stated reasons, the rule granted upon plaintiff to show cause

why the appointment of the board of arbitrators should not be set aside is hereby granted and made absolute; and the appointment of the board of arbitrators in the within case is hereby set aside and vacated, and the action is to proceed without reference to a board of arbitrators.