(See next case.)

## Miller, Appellant, v. Miller. (2)

*Judgment—Expired lien.*

A judgment entered after the expiration of the four years' lien of another judgment and before the same is revived, takes precedence in the distribution of the proceeds of real estate.

*Costs—Attorney's commissions—Execution.*

An attorney's commissions in a judgment note are not costs, but a part of the plaintiffs' claim.

Argued March 3, 1892.   Appeal, No. 303, Jan. T., 1892, by William Miller et al., administrators of Mahlon Miller, deceased, from order of C. P. Berks Co., Dec. T., 1890, E. D., distributing proceeds of sheriff's sale.   Before STERRETT, GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.

In addition to the facts stated in the preceding case it appeared that after appellants obtained judgment in their sci. fa. they issued execution and sold defendant's real estate.   On Dec. 20, 1890, a rule to pay the money into court was made absolute.   Subsequently the court made an order distributing the fund to the judgment of Jeremiah Miller, less the costs, but struck out of the costs the five per cent attorney's commissions provided for in the note on which appellants' judgment had been originally entered.

*Errors assigned* were, (1) the application of the fund to the judgment of Jeremiah Miller ; (2) in deducting the attorney's commissions from the costs.

*D. E. Schroeder*, for appellants.

*Stephen M. Meredith* and *Louis Richards*, for appellees, were not heard.

PER CURIAM, March 21, 1892.

The real estate of Robert Miller was sold by the sheriff on a venditioni exponas in favor of appellants, and the proceeds, $395, was ordered into court for distribution. The entire fund was claimed by appellants, on a judgment in favor of their intestate, entered May 12, 1885. It was also claimed, less costs of sale, by the appellee, Jeremiah Miller, on judgment in his favor for $500, entered July 30, 1890. The court, after deducting costs of execution, $69.50, awarded the balance, $325.50, to the last mentioned judgment, Jeremiah Miller v. Robert Miller, No. 144, June T., 1890. This was done because the lien of appellant's judgment was permitted to expire, and no judgment on the scire facias to revive was obtained until after the entry of Jeremiah Miller's judgment. As between lien creditors, the latter was the first lien on the fund, and was therefore entitled to the balance remaining after deducting the costs of sale.

It follows, from what has been said, that there was no error in not including, as part of the costs of execution, the $19.75 attorney's commissions on appellant's claim. These commissions are provided for in their judgment, and constitute part of their claim.

There was no error in the distribution, and the decree should be affirmed.

Decree affirmed and appeal dismissed, with costs to be paid by appellants.