## First Mortgage Guarantee Company of Philadelphia v. Powell.

*M. J. Markmann*, for plaintiff; *George Cascaden*, for defendant.

LEWIS, J., May 20, 1929.—We understand that the defendant has made an additional point in this case that the plaintiff is not entitled to receive the attorney's fee provided for in the terms of the bond upon which judgment was entered in this case by the prothonotary under the authority of the Act of Feb. 24, 1806, § 28, 4 Sm. Laws, 278. The bond specifically provides for an attorney's fee of 5 per cent., and defendant admits that if the plaintiff, as mortgagee, upon default, had foreclosed by means of a writ of *sci. fa. sur* mortgage, or had caused an appearance of counsel to be entered for defendant and judgment confessed under the provisions of the warrant of attorney contained in the bond, the counsel fee would be properly allowable. Having chosen, however, to proceed under the Act of Feb. 24, 1806, § 28, 4 Sm. Laws, 278, plaintiff is, according to the contention now made, not entitled to receive any attorney's fee whatsoever. The basis for this contention is to be found in the last clause of section 28 of the 1806 statute. The entire section reads as follows:

"And be it further enacted by the authority aforesaid, That it shall be the duty of the prothonotary of any court of record within this Commonwealth,

on the application of any person being the original holder (or assignee of such holder) of a note, bond or other instrument of writing, in which judgment is confessed, or containing a warrant for an attorney-at-law, or other person to confess judgment, to enter judgment against the person or persons who executed the same for the amount, which, from the face of the instrument, may appear to be due, without the agency of an attorney, or declaration filed, with such stay of execution as may be therein mentioned, for the fee of one dollar, to be paid by the defendant; particularly entering on his docket the date and tenor of the instrument of writing on which the judgment may be founded, which shall have the same force and effect as if a declaration had been filed and judgment confessed by an attorney, or judgment obtained in open court, and in term time; and the defendant shall not be compelled to pay any costs, or fee to the plaintiff's attorney, when judgment is entered on any instrument of writing as aforesaid."

The defendant's claim is without foundation. The language relied on by the defendant in the 1806 statute provides only that a defendant in a judgment entered by the prothonotary under its terms shall not be obliged to pay "any costs *or fee to the plaintiff's attorney.*" This manifestly refers to the fee to which plaintiff's attorney would otherwise be entitled under the fee bill; attorneys are usually entitled to this as officers of the court: see Pittsburgh *v.* O'Brien, 239 Pa. 60.

The purpose of section 28 of the Act of 1806 is stated in the early Supreme Court case of Helvete *v.* Rapp, 7 S. & R. 306 (1821), wherein it was said: "The extent and sole intention of the legislature, in conferring the power of entering a judgment on the judgment bond without the intervention of an attorney, was to exempt the obligor from the payment of costs to an attorney." This does not mean, however, that the defendant cannot, by specific agreement, confer *upon the plaintiff* the right to be reimbursed for counsel fees. It is well established that attorneys' commissions provided for in a judgment bond are part of the judgment (Miller *v.* Miller, 147 Pa. 548 (1892) ; Daly *v.* Maitland, 88 Pa. 384 (1879) ; and they, accordingly, belong to the plaintiff: Harper *v.* Consolidated Rubber Co., 284 Pa. 444 (1925) ; Klein, Judgment by Confession in Pennsylvania (1929). This commission is not part of the costs and is to be distinguished from the judgment fee, which does belong to the attorney, not to the client. As to the latter, see Pennsylvania Law of Costs and Fees, 19, *et seq.*