## Sweeney *v.* Arrowsmith.

*Taxation—Mortgage—Purchase money mortgage—Corporation—Priority of lien.*

The lien of the commonwealth for taxes due on the capital stock of a corporation has no priority over a purchase money mortgage given by an individual who was the corporation's grantor.

Argued Nov. 12, 1909. Appeal, No. 220, Oct. T., 1909, by the Commonwealth of Pennsylvania, from order of C. P. Berks Co., Jan. T., 1909, No. 27, disallowing the claim by the commonwealth in the distribution of a fund in the Matter of Pamelia C. Sweeney v. Arthur V. Arrowsmith, with notice to The Pendora Park Company, Terre-Tenant. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Exception to order of distribution.

ENDLICH, P. J., filed the following opinion:
On February 15, 1908, plaintiff conveyed to defend-

ant a certain property in the city of Reading, taking from him at the same time a mortgage for part of the purchase money. Incumbered by this mortgage the property was, in March, 1908, conveyed by defendant to one Frishmuth, and in the following April by him to The Pendora Park Company, a corporation. On September 18, 1908, the auditor general and treasurer of this commonwealth settled an account against the company for tax due the commonwealth on capital stock, and a lien therefor ($143.11) was certified to and entered in the office of the prothonotary of the county to No. 1, September T., 1908. On December 24, 1908, a sci. fa. was issued on the mortgage against Arrowsmith, with notice to the company as terre-tenant. Upon this proceeding in due course the property was sold by the sheriff and its proceeds were brought into court for distribution. A decree for the amount of the claim of the commonwealth was asked in advance of the mortgage, reducing to that extent the amount remaining for the mortgagee, who, upon allowance of the decree nisi, filed these exceptions.

It is obvious at a glance that if the distribution to the commonwealth is to stand, it is out of the mortgagee's pocket that payment will be made of what is owing by another party with whom she in the conveyance of the land and in the acceptance of the mortgage had no dealings whatever. She has sold her property to an individual for a stipulated amount. For that amount, less the cash paid down, she has accepted a pledge of the property itself. Her vendee, or rather the grantee of her vendee, transfers it to a corporation. The corporation fails to pay the state tax due by it. Upon default on the mortgage the mortgagee proceeds to collect under it the balance of the purchase money due her by her contract with her vendee. The state, by virtue of a lien filed against the corporation's property, requires the mortgagee to pay the debt of the corporation and to accept just that much less in payment of her land than the price for which it was conveyed. The proposition in-

volved seems repugnant to a clear dictate of natural justice; and wherever such is the case, as intimated by Mr. Justice WOODWARD in Evans v. See, 23 Pa. 88, at p. 91, it is necessary to look closely whether the result is one which the law requires a court to sanction.

There is no perfect analogy between the case here presented and one in which a mortgagee finds·himself postponed to liens entered against the property for municipal taxes assessed upon the owner. Doubtless such taxes are a personal claim against the latter: May's Est., 218 Pa. 64. But by various statutes the property is made liable for them ahead of mortgages antedating them. It is well understood that these taxes are assessed with reference to the property and its value. Anyone who takes a mortgage upon it is apprised in advance that his security is subject to diminution to the extent that taxes assessed with respect to it may remain unpaid by the owner, whoever he may be. On the other hand, the state tax upon corporate capital stock is not a tax assessed specifically upon or with reference to the realty owned by the corporation. It affects the realty (at least as against other lien creditors) only by virtue of the certification and filing of the lien: Wm. Wilson & Son Silversmith Co.'s Est., 150 Pa. 285; Gladden v. Chapman, 188 Pa. 586. It cannot be reasonably supposed, therefore, that one selling land to an individual and taking a mortgage upon it from him for part of the price should foresee or actually contemplates the eventuality of its passing at some future time into the hands of a corporation—a failure of that corporation to pay its state tax upon capital stock—and the impairment, possibly the wiping out, of the security for the unpaid purchase money by the enforcement of a lien filed therefor by the commonwealth and taking precedence of the mortgage.

The commonwealth's position in this case rests upon the Act of June 7, 1879, P. L. 112, sec. 14, and its supplement, Act June 1, 1889, P. L. 420, sec. 31. These enactments declare that upon a judicial sale of the "prop-

erty" of a corporation "all taxes due the Commonwealth
shall first be allowed and paid out of the proceeds of
such sale, before any judgment, mortgage or other
claims. . . ." The purpose, of the statutes, as expressed
by their titles, was the raising of revenue by state taxa-
tion. The subjects of taxation dealt with in these sec-
tions are, inter alia, corporations. As regards them the
purpose of the provision referred to clearly was (besides
facilitating the collection of a tax due the commonwealth)
to make it impossible for corporations or those dealing
with them to defeat the claim of the commonwealth for
such tax, the one by giving, the other by obtaining against
them prior liens upon the property owned by the corpo-
rations. The liens postponed to that of the common-
wealth, therefore, looking at the scope and purpose of
the law, are such as are created by or procured against.
the delinquent corporations. The generality of the phrase
"any judgment, mortgage or other claim" must be re-
stricted accordingly; for it is a maxim of statutory in-
terpretation that the language of a statute, however
broad, is to be understood with reference to its scope and
object and is not intended to change the law beyond
what is necessary to serve these: see Marquette v. Berks
County, 3 Pa. Superior Ct. 36, 39—just as in the inter-
pretation of a contract the terms in which it is conceived,
no matter how general, are to be taken as comprehending
only those things in respect to which it appears that the
parties proposed to contract: Smith's Est., 210 Pa. 604.
It is very plain that neither the mortgage, incumbered
with which The Pendora Park Company bought this
land, nor the judgment in the sci. fa. was a lien created
or obtained against the company: see Com. v. Coal &
Iron Co., 1 Pa. Dist. Rep. 742, per SIMONTON, P. J. It is
therefore not within the class of liens over which the
statutes give a preference to the claim of the common-
wealth for taxes.

Furthermore, according to the letter and obvious
meaning of those statutes, it is out of the proceeds of the

sale of the property of the delinquent corporations that the claim of the commonwealth is preferentially payable. What was The Pendora Park Company's "property" in this real estate? Simply what is termed the equity of redemption. That, with the possession subject to the rights of the mortgagee, was all it ever acquired. The rest belonged to the plaintiff before she conveyed to defendant and for the purposes of security never passed out of her, but was retained to her by the purchase money mortgage executed simultaneously with her conveyance to defendant. It is not to be overlooked that a mortgage, though in common acceptation a mere security for a debt, is after all in many respects much more, viz., a conveyance of land, investing the mortgagee at least with a conditional ownership of it together with a right of entry and possession until paid: see Tryon v. Munson, 77 Pa. 250; Nerpel's App., 91 Pa. 334; Cridge v. Hare, 98 Pa. 561; Datesman's App., 127 Pa. 348; Peebles' Est., 157 Pa. 605. It is very manifest that upon a sale of the entire estate in the property under proceedings upon mortgage, an allowance, out of the proceeds, of the commonwealth's claim against the corporation ahead and to the prejudice of what is needed to satisfy the plaintiff would be a payment of that claim, not out of the proceeds of the sale of the corporation's property, but out of that of the plaintiff—which is not what is required by the statutes invoked. The tax is a tax upon the property of the company: Com. v. Delaware, etc., R. R. Co., 165 Pa. 44—and it can justly come only out of that property: Phila. & Reading R. R. Co. v. Com., 104 Pa. 80.

For the reasons given it would appear that the ground of objection stated in plaintiff's first exception must be regarded as well taken; and this conclusion makes it unnecessary to consider the remaining exceptions.

The plaintiff's first exception to the decree awarding the sum of $143.11, to the commonwealth of Pennsylvania on lien filed to No. 1, September Term, 1908, is sustained, and said decree is vacated and set aside.

268, (1910).]   Assignment of Error—Opinion of the Court.

*Error assigned* was the order of the court.

*J. Wilmer Fisher,* for appellant.

*John B. Stevens,* with him *Garrett B. Stevens,* for appellee.

OPINION BY ORLADY, J., July 20, 1910:

After a careful examination of this record, a majority of the court are of the opinion that the conclusion reached by the court below is a correct one, and the judgment is therefore affirmed.