## Davis v. Seltzer et al.

*Boyd Lee Spahr,* for plaintiff; *Abraham M. Rose,* for defendant.

*William A. Schnader,* Attorney General, and *Leo Weinrott,* Deputy Attorney General, for Commonwealth, intervening defendant.

BROWN, Jr., J., May 3, 1933.—This case is before us on a rule for judgment for want of a sufficient affidavit of defense.

By a written agreement dated June 3, 1932, plaintiff agreed to sell and defendant agreed to purchase premises No. 4280 Frankford Avenue, Philadelphia, for $7000, free and clear of all encumbrances. On July 2, 1932, plaintiff tendered a deed therefor, duly acknowledged and witnessed, which defendant refused to accept upon the sole ground that a claim for capital stock and corporate loans taxes due the Commonwealth of Pennsylvania for the years 1928 to 1932 inclusive, had been made against the Shela Company, a corporation. That these taxes are a lien and encumbrance against the premises is the defense set up in the affidavit of defense, the facts averred in the statement of claim being otherwise admitted.

On December 11, 1922, Louis Talasnick, who then owned the premises, executed and delivered a mortgage thereon to the Philadelphia Company for Guaranteeing Mortgages, and this, on June 4, 1929, following two other assignments, was assigned to plaintiff. Subsequently she foreclosed on the mortgage and acquired title to the premises by sheriff's deed on December 14, 1931.

The Shela Company became the owner of the premises on March 5, 1926, by deed from one Ida Abramson, under and subject to existing encumbrances, including the mortgage above mentioned. It was not at any time the mortgagor nor the obligor of the bond and warrant accompanying the mortgage.

The question presented to us was determined in Sweeney v. Arrowsmith, 43 Pa. Superior Ct. 268. In that case, as in the present one, the plaintiff foreclosed on a mortgage which had been executed by a predecessor in title of the corporation, to which the property was conveyed encumbered by the mortgage and against which a capital stock tax was subsequently settled, and it was decided that the lien of the commonwealth for taxes due on the capital stock of a corporation should not be given preference over a purchase money mortgage

executed by an individual prior to the time when the corporation acquired title to the property. That decision was followed in Shickler, for use, v. Williams, etc., 62 Pitts. L. J. 64, and in Daubert v. Martin et al., 25 Dist. R. 651. However, it was distinguished, but not overruled, in Harper v. Consolidated Rubber Co., 284 Pa. 444, 449, where the mortgage was executed by the corporation itself at the time it became the owner of the property, and not by one of its predecessors in title. This was pointed out clearly in Scranton Lackawanna Trust Co., to use, v. Scranton Lackawanna Trust Co., Guardian, et al., 310 Pa. 125, 129, in which the reasoning in Sweeney v. Arrowsmith, supra, was held to apply where "the lien of plaintiff's mortgage attached several years before the Commonwealth's right to an inheritance tax arose".

In Com. v. Lowe Coal Co., 296 Pa. 359, where capital stock taxes were settled against the defendant corporation, and subsequently judgment was entered against it in a suit not connected with the tax claims, on which a fi. fa. was issued, and its real estate sold at sheriff's sale, the lien of the Commonwealth for the taxes was held not to be divested, the proceeds being insufficient to pay them. This decision was not referred to in those above cited, nor did it refer to them. No mortgage lien was involved, and so the principles enunciated in the other cases that a mortgage, not executed by the corporation itself but by a predecessor in title and earlier in date than the assessment of the tax, should be given precedence, had no application.

Being, therefore, of the opinion that the capital stock and corporate loans taxes settled against the Shela Company are not a lien or encumbrance against the premises, this rule is made absolute.