## Ferguson's Estate

Before Van Dusen, Stearne, Klein, and Bok, JJ.

*Michael A. Spatola* and *C. James Todaro*, for exceptant.

*William C. Ferguson, Jr.*, contra.

VAN DUSEN, J., May 29, 1936.—This is an insolvent estate. The Commonwealth claims priority of payment for sales tax under section 1401 of The Fiscal Code of April 9, 1929, P. L. 343, which provides:

"All State taxes imposed under the authority of any law of this Commonwealth, now existing or that may

hereafter be enacted, and unpaid bonus, interest, penalties, and all public accounts settled against any corporation, association, or person, shall be a first lien upon the franchises and property, both real and personal, of such corporation, association, or person, from the date of settlement, and whenever the franchises or property of a corporation, association, or person, shall be sold at a judicial sale, all taxes, interest, bonus, penalties, and public accounts, due the Commonwealth, shall first be allowed and paid out of the proceeds of such sale, before any judgment, mortgage, or any other claim or lien against such corporation, association, or person".

It is claimed that this section repeals section 13 (a) of the Fiduciaries Act of June 7, 1917, P. L. 447, which prescribes the order of distribution of a decedent's estate, and directs that debts due the Commonwealth shall be paid last. The claim must rest on that part of section 1401 which provides that all taxes "shall be a first lien upon the franchises and property, both real and personal, of such corporation, association, or person, from the date of settlement". It is argued that at the death of the decedent the taxes of the Commonwealth were a lien upon his property and were therefore entitled to payment before his general creditors, and that it is not a question of distribution of his general estate.

Section 1401, completing the sentence just quoted, goes on to provide for distribution of the proceeds of the judicial sale of the property of a corporation, association, or person and requires that taxes due the Commonwealth shall be paid first. If the effect of the supposed lien was that which is claimed for it, this additional provision would be unnecessary. Likewise section 1403 would be unnecessary, which makes a purchaser at bulk sale liable for Commonwealth taxes unless he obtains a certificate that no taxes are due. We agree with the auditing judge that the whole section should be read together, and that the intention was merely to provide for distribution of the proceeds of judicial sales. This same language has

been in the law with respect to the property of corporations since 1889, and apparently this is the first time any other effect has been claimed for it.

Priority of payment for public dues in such cases is familiar, but a lien for any purpose upon the stock of goods of a merchant, upon his bank account and upon the moneys due him by his customer is opposed to our whole tradition. "A statute, will or other instrument affecting the ownership of property, should be so construed as not to hinder or destroy its free alienability, if such a construction is reasonably possible": Scranton Lackawanna Trust Co., to use, v. Scranton Lackawanna Trust Co., Guardian, et al., 310 Pa. 125, 128. We do not think such a startling novelty was intended. Would the purchaser of an article from the merchant over the counter take it subject to a lien for all the merchant's Commonwealth dues?

The exceptions are dismissed and the adjudication is confirmed absolutely.