## McDermott v. Jones et al.

*Francis E. Criner*, for exceptant.

*C. C. Crowell*, contra.

LAIRD, J., June 27, 1945.—Ella J. Sears, of the Borough of North Belle Vernon, died in 1928, and by her will provided, inter alia, as follows:

"First: I give, devise and bequeath unto my husband, Edward L. Sears, during his natural life time my residence and home and all appurtenances thereto which is situate on Lot number 527 on Broad Avenue, North Belle Vernon, Pa. And after his death I direct

that the said home be given to my nephew Joseph S. Jones, Jr."

No provision was made in the will for the payment of transfer inheritance taxes.

Plaintiff herein entered two judgments against the Joseph S. Jones, Jr., mentioned in the will on October 23, 1931, which were revived from time to time and remained liens at the time of execution and sale in this case. The first judgment was for $5,902.56, with interest from October 1, 1931, and the second judgment for $2,139.54, with interest from the same date.

The property mentioned was sold on fi. fa. no. 72, November term, 1944, and the purchase money was $4,000. These proceeds were distributed to the use-plaintiffs above with the exception of certain taxes for which claims were filed. Among the tax claims allowed by the sheriff was the claim of Miles C. McWherter, register of wills, for inheritance tax against this property in the Ella J. Sears estate in the sum of $528. To the allowance of this claim plaintiff has filed objection by way of exceptions to the sheriff's schedule of distribution.

In support of their exceptions plaintiff assigns two reasons, which are briefly as follows: (1) The inheritance tax should have been paid by the executors and testamentary trustees of the estate of Ella J. Sears, and, (2) upon their failure to pay, the inheritance tax should have been paid out of the interest of Joseph S. Jones, Jr., in that estate.

The inheritance tax is computed with interest from July 10, 1941, indicating that the life tenant died July 10, 1940, since the tax on the remainder could not be demanded or assessed until the remainderman came into possession after the expiration of the life estate: Act of June 20, 1919, P. L. 521, art. I, sec. 3, 72 PS §2304. There is no dispute about the amount of tax. The only question before us is whether or not plaintiff is entitled to the whole proceeds of the sale, free of the inheritance tax which has not been paid.

It is quite true that the inheritance tax is not a tax in the usual sense, that it is not a tax on a particular thing, or the decedent's property or any component part of it. The inheritance tax, upon the theory to which our courts have held, is a withholding by the State of a certain share of the estate in return for allowing a right of succession to heirs, legatees, and devisees: Tack's Estate, 325 Pa. 545. It is, incidentally, measured by the amount of the estate and the relationship between the testatrix and devisee in this case. It is equally true that the tax is payable ultimately by the legatee, devisee, heir, or donee, or out of the property or estate passing to him: Elliott's Estate, 113 Pa. Superior Ct. 350.

The legislature has provided various means for the payment and collection of inheritance taxes; for example, in the case of future estates in personalty the register of wills may require security for the payment of the tax. In the case of future estates in real property the legislature has provided another means of collection. It has provided in the Act of June 20, 1919, P. L. 521, art. I, sec. 3, now amended by the Acts of June 21, 1939, P. L. 619, and May 27, 1943, P. L. 757, as follows:

"Where there is a transfer of property by a devise, descent, bequest, gift, or grant, liable to the tax hereinbefore imposed, which devise, descent, bequest, gift, or grant is to take effect in possession or to come into actual enjoyment after the expiration of any one or more life-estates or a period of years, the tax on such estate shall not be payable, nor shall interest begin to run thereon, until the person liable for the same shall come into actual possession of such estate by the termination of the estates for life or years. . . . The tax on real estate shall remain a lien on the real estate on which the same is chargeable until paid."

The tax in the present case is unpaid and therefore was a lien against the real estate which was sold. The question then is one of priority of liens. If plaintiff's

judgment was a lien before the lien of the inheritance tax attached itself to the property, then the judgment creditor is entitled to payment in full before the inheritance tax is paid: Scranton Lackawanna Trust Co., to use, v. Scranton Lackawanna Trust Co., Guardian, et al., 310 Pa. 125.

The present case, however, is ruled by the case of Shugars et al. v. Chamberlain Amusements Enterprises, Inc., 284 Pa. 200. In that case there were life estates and remainders, and the court in discussing the section of the Act of 1919, above quoted, said, quoting from page 206, as follows:

"Notwithstanding the different situations, *the tax springs into life on the death of property owners* [in this case Ella J. Sears] ; eo instanti, it becomes seated on their estates. . . .

"Having inaugurated this tax, fixing ways and means for determining the amount, it is possible, under certain conditions, that a part of it does not become payable until a certain event . . . ; nevertheless, to preserve and safeguard this revenue, the legislature ordered that the tax, when on real estate, should remain a lien until paid. This is an incident of the tax without regard to matters that make it up. The amount may not be known presently; it may with certainty be ascertained in the future, and whatever that sum may be, it remains a lien on the property until removed in some way pointed out by law; persons dealing with property must be held to have notice of it."

The Supreme Court in the same case and in discussing the same section of the Act of 1919 said at page 205:

"When the legal effect of this provision was before the court in Coxe's Est., 181 Pa. 369, we held the word 'owner' referred to the remainderman. The intent of the statute was to charge the beneficiary (remainderman) notwithstanding the use of words which might have a tendency to establish a broader meaning, and

the executors were not required to pay the tax on the passing of the remainder."

Many cases have held that the heirs take only what is left after payment of the inheritance tax and do not take that part which is reserved by the Commonwealth: Tack's Estate, 325 Pa. 545; Jackson et al. v. Myers, 257 Pa. 104. In the present case the sheriff sold only what the heir, Joseph S. Jones, Jr., had, only his right, title, interest, and claim in the property in question. The extent of his right, title, and interest is set forth in Jackson v. Myers, supra, as follows (p. 110) :

"If the heirs took possession of the real estate, the tax being unpaid, it was subject to the statutory lien, but the residue, after payment of the lien, was discharged from the payment of the tax, and their title was only to that part of the estate 'which is left after the tax has been taken off.' In selling their right, title and interest in and to the estate of the decedent, the defendant's wards could sell only the part of the estate left after the payment of the tax. . . .

"We must assume that the parties dealt with full knowledge of the law, and, therefore, knew that the estate of George W. Jackson, deceased, passing to the minors, was subject to a collateral inheritance tax which was a lien and must be paid before the minors received and could convey it."

For the reasons above stated the court finds that the inheritance tax, on the remainder going to defendant in this execution, was a lien and is entitled to payment first out of the proceeds of the sale and, therefore, the exceptions to the sheriff's distribution should be dismissed.

And now, to wit, June 27, 1945, after argument and upon due and careful consideration, it is ordered, adjudged, and decreed that the exceptions filed January 9, 1945, to the sheriff's distribution at the above number and term be and the same hereby are dismissed at the

14

cost of the use-plaintiffs, and the sheriff's schedule of distribution be and the same hereby is confirmed absolutely.