## Commonwealth v. City Realty Co.

*Joseph Marzacco*, for Commonwealth.

*J. M. Walker*, for defendant.

EAGEN, J., March 8, 1946.—This is a case stated which by agreement was submitted to the writer for decision. The issue arises out of a sci. fa. sur lien proceeding involving corporate taxes instituted by the Commonwealth of Pennsylvania against the City Realty Company, defendant, and the State Capital Savings and Loan Association as terre tenant.

The facts disclose that on January 6, 1928, the City Realty Company conveyed its title to a piece of real estate in the City of Scranton to Harry Bernstein and William Greenfield. These individuals were the owners of substantially the entire stock issued by the corporation and were its president and secretary respectively and in such capacity executed the above deed.

On January 6, 1928, these two individuals executed a mortgage on the property involved to the terre tenant herein, the State Capital Savings and Loan Association. On March 3, 1928, the individuals reconveyed title to the property back to the City Realty Company where it remained until on or about January 19, 1943. There was no fraud connected with these conveyances. Since the mortgagee corporation could not make a loan to other than individuals title was vested in the individuals in order to secure the loan and execute the security. On March 7, 1936, the Commonwealth of Pennsylvania settled and approved a capital stock tax against the City Realty Company for the year 1936, and again on July 31, 1939, settled a similar tax against the same corporation for the year 1939.

Subsequently an execution issued on the mortgage against the property and it was sold at sheriff's sale on January 19, 1943, to the mortgagee, the State Capital Savings and Loan Association. The Commonwealth contends this sale did not divest its lien for the taxes stated, arguing that its lien was superior to that of the mortgage.

It is well settled that in such cases the Commonwealth tax lien dates and attaches from the date of settlement and not from the date of filing the same in the prothonotary's office of the County: Commonwealth v. Central Realty Company et al., 338 Pa. 172. It is also clearly the law that the Commonwealth's lien for taxes settled against a corporation is superior to a mortgage created by that same corporation, although the settlement of the taxes was subsequent to the date of the recording of the mortgage: Harper v. Consolidated Rubber Co., 284 Pa. 444. It is equally well established that

"The lien of a mortgage upon premises owned by a corporation, executed by a predecessor in title of the corporation, is superior to a lien of the Commonwealth for . . . taxes assessed against the corporation after

the mortgage was given, and a foreclosure and sale of the premises under such mortgage divests the Commonwealth of its lien." Davis v. Seltzer, 313 Pa. 382, syllabus, and Sweeney v. Arrowsmith, 43 Pa. Superior Ct. 268.

The ruling statute is The Fiscal Code of April 9, 1929, P. L. 343, as amended by the Act of June 3, 1933, P. L. 1474, 72 PS §1401.

Section 1401 of the Act of 1929 provides:

"All State taxes imposed under the authority of any law of this Commonwealth, now existing or that may hereafter be enacted, and unpaid bonus, interest, penalties, and all public accounts settled against any corporation, association, or person, shall be a first lien upon the franchises and property, both real and personal, of such corporation, association, or person, from the date of settlement, and whenever the franchises or property of a corporation, association, or person, shall be sold at a judicial sale, all taxes, interest, bonus, penalties, and public accounts, due the Commonwealth, shall first be allowed and paid out of the proceeds of such sale, before any judgment, mortgage, or any other claim or lien against such corporation, association, or person, . . ."

The amending act of 1933, supra, provides:

"Provided, however, Where the lien of a ground rent, mortgage, or other lien created by or entered against a predecessor in title to such corporation, association, or person is discharged by a judicial sale, the lien of the Commonwealth shall be transferred from the property sold to the fund realized from the sale, and the purchaser shall take free of the lien of the Commonwealth, notwithstanding that the fund may be insufficient to pay all or any part of the same, and, on distribution of the fund, the Commonwealth's lien shall be postponed in payment to said lien or liens created by or entered against such predecessor in title, but shall not be postponed in payment to local taxes or municipal claims."

The issue resolves itself, therefore, into an interpretation of the above statutes and a determination of whether or not the mortgage involved was in fact created by a "predecessor in title" as contemplated by the statute. If such be the case, its lien was superior to that of the Commonwealth's and the latter's lien was divested by the judicial sale.

The Commonwealth contends and we are inclined to agree that Bernstein and Greenfield were merely "strawmen" in the chain of title, created only for the purpose of working out the mechanics incident to the mortgage loan and as such are not a "predecessor in title" as contemplated in the Act of 1933, supra. We fully realize that no tax evasion was contemplated at the time the conveyance to Bernstein and Greenfield took place. However, a tax evasion did result and if a distinction is to be drawn and recognized between wilful and innocent tax evasion liability, then not only shall confusion reign but the Commonwealth's right to collect taxes due shall be defeated by the simple procedure of conveying corporation property temporarily to others.

There is no doubt in our mind that Bernstein and Greenfield were merely "strawmen". While it is stipulated that they paid a substantial charge for the conveyance it is admitted that the conveyance was made only for the purpose of effecting the loan and after this occurred a reconveyance took place for a nominal charge. While for a short period the record title did rest in the individuals the real ownership was undoubtedly in the corporation and as stated in Commonwealth v. Corner Realty Co., 41 D. & C. 236, 241: ". . . should not permit his ephemeral ownership to destroy a tax lien asserted against real ownership".

Therefore, March 8, 1946, judgment is entered in favor of the Commonwealth of Pennsylvania and against the State Capital Savings and Loan Association in the sum of $157.78.